IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE W. HARRIS,

    Plaintiff,               No. 2:12-cv-2966 KJN P

    vs.

CALIFORNIA FORENSIC MEDICAL GROUP,

    Defendant.          ORDER

/

        Plaintiff is a Solano County Jail inmate[1] proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing

---

[1] It is unclear whether plaintiff is a pretrial detainee or has been convicted.

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

        Plaintiff alleges that he has been seen by the California Forensic Medical Group medical personnel in the Solano County Jail for pain in his neck and back, and tingling and numbness in his torso area, back, arms, and hands, and has been prescribed various medications.  Plaintiff alleges that defendant refused to give plaintiff proper and adequate tests and examinations to determine the cause of plaintiff's medical issues, due to neglect.  (Dkt. No. 1 at 4.)  Plaintiff seeks compensatory damages for defendant's negligence.  (Id.)

        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or

3

policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).) The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).) Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.) In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named

4

defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.) A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

////

1         First, plaintiff's claim that jail staff members were negligent or neglectful in
2 treating plaintiff is insufficient to state an Eighth Amendment violation.  Plaintiff's allegations
3 demonstrate that plaintiff was treated on ten separate occasions and prescribed various
4 medications in an effort to treat plaintiff.  Those allegations, without more, do not rise to the
5 level of deliberate indifference.  Rather, plaintiff's allegations appear to be more in the nature of
6 alleged negligence or medical malpractice.  Moreover, plaintiff failed to identify a particular
7 person who he alleges "refused" to give plaintiff proper care.

8         Second, the complaint is devoid of any facts supporting a claim against the
9 California Forensic Medical Group under a theory of municipal liability.  Plaintiff must either
10 allege facts sufficient to support a municipal liability claim against the California Forensic
11 Medical Group or name the individuals who are directly responsible for allegedly refusing him
12 proper medical treatment and causing him to suffer in pain.

13         The court finds the allegations in plaintiff's complaint so vague and conclusory
14 that it is unable to determine whether the current action is frivolous or fails to state a claim for
15 relief.  The court has determined that the complaint does not contain a short and plain statement
16 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
17 policy, a complaint must give fair notice and state the elements of the claim plainly and
18 succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
19 allege with at least some degree of particularity overt acts which defendants engaged in that
20 support plaintiffs claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed.
21 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
22 an amended complaint.

23         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
24 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
25 <u>Rizzo</u>, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named
26 defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is some

1 affirmative link or connection between a defendant's actions and the claimed deprivation. Id.;
2 May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743. Furthermore, vague
3 and conclusory allegations of official participation in civil rights violations are not sufficient.
4 Ivey, 673 F.2d at 268.

5       In addition, plaintiff is hereby informed that the court cannot refer to a prior
6 pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that
7 an amended complaint be complete in itself without reference to any prior pleading. This
8 requirement exists because, as a general rule, an amended complaint supersedes the original
9 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
10 complaint, the original pleading no longer serves any function in the case. Therefore, in an
11 amended complaint, as in an original complaint, each claim and the involvement of each
12 defendant must be sufficiently alleged.

13       In accordance with the above, IT IS HEREBY ORDERED that:

14       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

15       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
17 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
18 Director of the California Department of Corrections and Rehabilitation filed concurrently
19 herewith.

20       3. Plaintiff's complaint is dismissed.

21       4. Within thirty days from the date of this order, plaintiff shall complete the
22 attached Notice of Amendment and submit the following documents to the court:

23       a. The completed Notice of Amendment; and

24       b. An original and one copy of the Amended Complaint.

25 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
26 Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: December 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

harr2966.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE W. HARRIS,

    Plaintiff,                    No. 2:12-cv-2966 KJN P

    vs.

CALIFORNIA FORENSIC
MEDICAL GROUP,              <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____      Amended Complaint

DATED:

                                      _____
                                      Plaintiff